John A. Hennessey v. The City of New York. The People of the State of New York ex rel. Isaac Delinsky v. Thomas O'Connell. Annie Alliston v. The City of New York. Ruth O'Hallock v. The City of New York. Frederick E. Cloud v. Edelmino Delman. Postal Life Insurance Company v. William H. Hotchkiss. Abraham Feldman v. Consolidated Gas Company. Sigmund Mayer v. Consolidated Gas Company.— Motions granted, with ten dollars costs.

Motley Green & Company v. Frederick W. Elmenborst and Others.— Application granted. Order signed. ·

Joseph Murray v. Owen Davanney and Others. Joseph N. Flynn v. Hanover Fire Insurance Company. Butler & Herrman Company v. Jacob Meth. Joseph Levy and Another v. Philip Solomon. Franklin P. Duryea v. Ernestus Gulick. Applications denied, with ten dollars costs. Orders signed.

Franklin P. Duryea v. Ernestus Gulick.— Motion denied, with ten dollars costs.

Sophie J. Bohrmann v. Augustus G. Paine.— Motion granted.

In the Matter of Mohegan Avenue. Oscar B. Bergström v. Ridgway Company. In the Matter of Mount Vernon Avenue. Charles Reilly v. The City of New York.— Motions denied, with ten dollars costs.

George E. Heyl v. Henry A. Taylor.— Motion for leave to appeal to Court of Appeals granted and question certified.

G. Edgar Allen v. William G. Gray.— Motion granted and case ordered on calendar for May twenty-first.

In the Matter of Manuel A. Kursheedt.— Reference ordered. Settle order on notice.

Edward W. S. Johnston v. Martin T. Garvey.— See memorandum per curiam. Settle order on notice.

In the Matter of Abraham B. Schleimer.— Reference ordered. Settle order on notice.

Marie Friedlander and Another v. Nathan Citron and Another.— Application granted. Order signed.

In the Matter of Heman B. Wilson.— Reference ordered. Settle order on notice.

---

## Fourth Department, May, 1910.

### Frank Grant, Appellant, v. National Railway Spring Company, Respondent.

Motions by the plaintiff for reargument and for leave to appeal to the Court of Appeals.

Per Curiam: On the first trial of this case there was a verdict for plaintiff. On appeal to this court one of our members was disqualified to sit and the other four were equally divided and, therefore, the case was sent to the Third Department. (See 84 App. Div. 632.) The judgment was there reversed and a new trial ordered. (See 86 App. Div. 593.) Upon a second trial the plaintiff was nonsuited, and on appeal to this court there was an unanimous affirmance, following the decision of the Third Department. (See 136 App. Div. 944.) But